{¶ 106} In paragraphs 55 and 56 of its opinion, the majority states that the trial court properly found that Appellant poses an ongoing danger to her children because she once dropped one of her children and then took that child to the hospital. I must respectfully disagree. While "[d]ropping a one-month old baby certainly presents a danger to the baby," Opinion at ¶ 55, especially if the parents immediately took the child to the hospital after the injury, the fact that a parent has dropped a baby once is insufficient to prove by clear and convincing evidence that the parent poses an ongoing danger to the child. If this were the case, this court would be besieged with appeals from terminations of parental rights.
 {¶ 107} Nevertheless, my disagreement with this portion of the majority's opinion does not affect the outcome of this case. Whether the trial court properly found that R.C. 2151.414(E)(6) applied is irrelevant since it properly made the findings under R.C. 2151.414(E)(5). The trial courts decision should be reversed because the trial court erred by granting MCCSB's motion to bypass reasonable measures to reunite Appellant with her two boys and because MCCSB actually failed to take those reasonable measures.